UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KATHY PINKNEY,

        Plaintiff,

  -v-                                            No. 06 Civ. 5023 (LTS) (JCF)

PROGRESSIVE HOME HEALTH SERVICES;
LOCAL 1199, SERVICE EMPLOYERS
INTERNATIONAL UNION, AFL-CIO

        Defendants.

-------------------------------------------------------x

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

        On November 28, 2006, Magistrate Judge James C. Francis IV issued a Report and Recommendation ("Report") recommending that summary judgment be granted in favor of Defendant Local 1199 of the Service Employees International Union ("1199/SEIU"), and that the motion of Defendant Progressive Home Health Services ("Progressive") to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted. Timely objections to the Report were received from Plaintiff, and Defendants 1199/SEIU and Progressive have submitted affirmations in response to Plaintiff's objections.

        When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male

Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Pro se parties are generally accorded leniency when making objections. Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting Vasquez v. Reynolds, No. 00 Civ. 0862, 2002 WL 417183 at *5 (S.D.N.Y. Mar. 18, 2002)). Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

The Court has conducted a thorough review of the record herein, including, among other things, the parties' submissions, the Report, Plaintiff's extensive objections, and the relevant legal authority. Plaintiff's objections are an effort to reiterate her earlier arguments and the relevant portions of her objections are presented in a conclusory fashion, simply reflecting her disagreement with Judge Francis's conclusions. Since Plaintiff raises only general or conclusory objections, the Court reviews the Report for clear error.

The Court has reviewed Judge Francis's thorough and well-reasoned Report and finds no clear error. The Court adopts the Report in its entirety for the reasons stated therein.

## CONCLUSION

Judge Francis's Report and Recommendation is hereby adopted in its entirety.

Defendant 1199/SEIU's motion for summary judgment is granted, as is Defendant Progressive Home Health Services's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Clerk of Court is respectfully requested to enter judgment accordingly and close this case. This Memorandum Opinion and Order resolves docket entry nos. 4, 7, and 29.

SO ORDERED.

Dated: New York, New York
July 21, 2008

LAURA TAYLOR SWAIN
United States District Judge